Robert E. MILLER

v.

Carl WELLER, Emily I. Weller, Everett Weller, Roy Weller, Mamie Weller, Norman E. Ritter and Marjorie Hester, formerly trading as Weller Manufacturing Co., a partnership.

Civ. A. No. 25301.

United States District Court
E. D. Pennsylvania.

June 8, 1960.

Miller, Adelman & Lavine, by Nathan Lavine, Leroy Comanor, Philadelphia, Pa., for plaintiff.

Schnader, Harrison, Segal & Lewis, by Arlin M. Adams, Philadelphia, Pa., Goodman & Weitzman, by Bernard M. Goodman, Easton, Pa., for defendants.

GRIM, District Judge.

This action is based on a written agreement whereby plaintiff retired from a partnership composed of himself and defendants. Defendants thereafter continued the partnership. Plaintiff claims that under the retirement agreement he is entitled to share in royalties paid by Wen Products, Inc, to the partnership under an agreement entered into after his retirement in connection with the settlement of a patent infringement suit by the partnership against Wen. The suit was pending when plaintiff retired from the partnership. Both parties have moved for summary judgment.

The retirement agreement, dated February 25, 1955, contained the following provision:

"4. The continuing partners shall pay to the retiring partner [plaintiff] the following sums in liquidation of his interest:

"A. His capital interest as shown by the books of the partnership at January 31, 1955, in the sum

of $121,644.26, which sum shall be payable immediately upon the signing of this agreement.

"B. The sum of $15,000.00 per year, in consideration of past services to the partnership, for the following five years * * *

"C. An amount equal to fifteen (15%) percent of any damages collected by the partnership subsequent to the date of this agreement (whether by award of court or jury, or by an out-of-court settlement of any type whatsoever) by reason of the following actions which are presently in litigation; and both of which are in the United States District Court for the Northern District of Illinois, Eastern Division:

"Weller Manufacturing Company, et al.

v.

"Wen Products, Incorporated, and
"Nicholas T. Anton, Defendants
"being Civil Action No. 526714

* * * * * *

"Conversely, the retiring partner will pay to the partnership fifteen (15%) percent of any costs and/or award, decree or verdict assessed against the partnership subsequent to the date of this agreement arising out of the above captioned actions or either of them.

"D. An additional sum, if any, representing the portion allocable to the capital interest of the retiring partner at January 31, 1955, of any increase in the income tax basis of the partnership assets * * * "

The partnership owned a patent[1] covering electrical soldering guns. Wen manufactured soldering guns which, the partnership claimed, infringed. The partnership sued, and Wen defended on the ground that the patent was invalid. The District Court held the patent valid and infringed, Weller Mfg. Co. v. Wen Products, 121 F.Supp. 198,[2] and the Court of Appeals affirmed, 7 Cir., 231 F.2d 795. Wen applied for reargument, and at a later date stated that if reargument were refused it would petition the Supreme Court for certiorari. The District Court had referred the question of damages to a master.

While Wen's application for reargument was pending, and before the master's hearings on damages had begun, the patent suit was settled by a written agreement dated May 1, 1956. This instrument bears the title "License Agreement", names the parties, and recites the patent, the infringement suit, the holdings of the courts, and that "the parties are mutually desirous of terminating the litigation between them upon the terms and conditions hereinafter set forth."

Paragraph 1 of the agreement provided that "The First Party hereby grants to the Second Party * * * a non-exclusive, non-transferable right and license * * * to make, use and sell * * * electrical soldering guns embodying the invention claimed in said reissue Letters Patent * * * subject to the provisions and conditions hereinafter contained."

Paragraph 2 of the agreement provided that Wen was to pay the partnership a royalty of 7½% of the sale price of each gun sold by Wen embodying the invention. It embraced the understanding and agreement that the patent extended to guns with steel tips. Paragraph 3 provided:

"Second Party and Third Party[3] jointly agree in complete settlement of all claims of First Party for past damages and attorney's fees against Second Party and Third Party growing out of said Civil Action No. 52 C 714 pending between the parties hereto to pay First Party the sum of Two Hundred and Fifty

---

1. U. S. Patent No. 2,405,866, reissued as No. RE 23,619.

2. Thereupon Wen stopped making guns with copper tips and changed to guns with steel tips, contending that steel tips did not infringe.

3. Second party was Wen. Third party was Anton, its owner and president.

Thousand Dollars ($250,000.00) in the following manner: * * * and First Party covenants and agrees in consideration thereof to release and hereby does release unto the Second Party and Third Party any and all claims which First Party has or may have which arise from the infringement of said reissue Letters Patent by any action or acts of the Second Party or Third Party which have or may have taken place prior to the date hereof, and the First Party releases any and all claims for infringement of said reissue Letters Patent based upon the re-sale or use of electrical soldering guns heretofore purchased from the Second Party."

The subsequent portions of the agreement dealt entirely with the license.

At the time of the settlement negotiations the present plaintiff was not consulted. In preparation for settlement, counsel for the partnership was told by the partnership that the only settlement it would agree to was one for the payment of damages. Wen's production up to that time was estimated at 400,000 guns, and the amount of damages on that volume was calculated at $250,000. Upon counsel's advice that a settlement would probably be impossible unless Wen were also granted a license to manufacture guns, the partnership reluctantly authorized him to agree to a license, but only if no settlement were possible otherwise. Factors which induced the partnership to agree to a license were that from the best information available it appeared that Wen had assets of only $100,000 and that Wen could obtain money to pay more damages only by making guns. Moreover, Wen had taken the position that it would rather expend the entire $100,000 in contesting the patent suit in the Court of Appeals and the Supreme Court and in the hearings before the master, than pay the money in damages. Also Wen would not settle unless it got the license.

At the settlement negotiations Wen offered to pay $100,000 damages upon condition that it be given a license under the patent with a 5% royalty. Counsel for the partnership countered with an offer of $250,000 damages and no license. Wen refused any settlement that did not give it a license. When Wen rejected the offer of damages only, counsel for the partnership extended the offer to $250,000 damages and a license with a 10% royalty. Wen replied that the traffic would not bear a 10% royalty, although the partnership then had a 10% license with another company, with a "most-favored-nation clause." The effect of this clause was to give the first licensee the benefit of any lower royalty rate thereafter given to any other licensee. The result was an agreement by which Wen was to pay $250,000 damages over a period and receive a license agreement with a 7½% royalty.

Under the retirement agreement plaintiff received 15% of the $250,000 paid by Wen. He contends that under the retirement agreement he is also entitled to 15% of the royalties paid by Wen. Defendants contend that he is not.

The crux of this dispute is whether these royalties are comprehended in the language "any damages collected by the partnership * * * (whether by award of court or jury, or by an out-of-court settlement of any type whatsoever) by reason of * * *" the suit against Wen.

It is apparent that neither party contemplated, at the time the retirement agreement was executed, that the patent suit against Wen would give rise to a license agreement, for at that time it would not have been a serious problem to incorporate a specific provision that plaintiff was or was not to share in royalties which might be paid because of a license agreement.

What the retirement agreement speaks of is "damages" and while defendant contends not without reason, that damages can be construed narrowly to include nothing more than the money Wen

paid, it must not be overlooked that without getting the license Wen would not, in all probability, have paid any money, whether under a settlement or a final judgment. The license, therefore, just as much as the money, was the fruit of the patent litigation, and is comprehended within the term "damages", particularly in view of the inference to "an out-of-court settlement of any type whatsoever." Under the retirement agreement the present plaintiff is entitled to 15% of past and future royalties under the license agreement with Wen.

Defendants have made a counterclaim in a small amount, for which plaintiff does not deny liability.

Plaintiff is directed to submit an order for summary judgment in his favor against defendants on his complaint and for summary judgment in favor of defendants and against plaintiff on the counterclaim.