**Robert E. MILLER**

v.

**Carl WELLER, Emily I. Weller, Everett Weller, Ray Weller, Mamie Weller, Norman E. Ritter and Marjorie Hester formerly trading as Weller Manufacturing Co., Appellants.**

**No. 13377.**

United States Court of Appeals Third Circuit.

Argued Jan. 9, 1961.

Decided March 14, 1961.

Rehearing Denied April 7, 1961.

McLaughlin, Circuit Judge, dissented.

Arlin M. Adams, Philadelphia, Pa., (Bernard M. Goodman, Easton, Pa., Samuel D. Slade, Washington, D. C., Robert L. Kendall, Jr., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Goodman & Weitzman, Easton, Pa., on the brief), for appellant.

Nathan Lavine, Philadelphia, Pa., (Le Roy Comanor, Melvin Lashner, Adelman & Lavine, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and FORMAN, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a summary judgment for the plaintiff in a suit for an accounting and damages based on a partnership withdrawal agreement. Federal jurisdiction is based on diversity.[1] While the facts are not so very clear the negotiation of the contract and its performance all seem to have a Pennsylvania setting and the law of Pennsylvania is, therefore, applicable. Pa. Annots., Restatement, Conflict of Laws § 332 (1936). The plaintiff, Miller, was a retiring member from a partnership composed of himself and the defendants. Most of the terms governing the amounts to be paid to Miller were clear to both parties and payments have been made as promised.

One of the terms of the contract, however, was that Miller was to receive 15% of "any damages collected by the partnership subsequent to the date of this agreement (whether by award of court or jury, or by an out-of-court settlement of any kind whatsoever)" in a suit which was then pending by the partnership against the corporation known as Wen Products, Inc. and an individual defendant named Anton.

This suit mentioned was being contested in federal courts in Illinois and eventually the plaintiffs (the partners) got a judgment upholding the validity of their patent and sustaining their claim of infringement. Before any master's report on damages, however, the parties after some period of negotiation settled the case. They settled it by the defendants (Wen and Anton) agreeing to pay $250,000 damages for their infringement and the Weller Company, in turn, gave the defendants in the patent suit a license with a royalty provision of 7½%.[2] Now, Miller, having received the stipulated portion of the $250,000 paid, claims that he is entitled to 15% of the royalties received by Weller and the trial court agreed with him.

We agree that the case was one for summary judgment but we think the judgment went to the wrong party. This was a contract drawn by lawyers.[3] They used words of art. "Damages," we think, is a word of art with a rather definite meaning. It is something paid in recompense for an infringement of a plaintiff's legal right by the defendant's liability-creating conduct.[4] Damages for patent infringement are compensation awarded to the patentee for a legal injury to his rights, compensation for an injury actually undergone.[5] The Pennsylvania courts have said, citing the Restatement, that when parties use words of art in an agreement the usual meaning of the word of art is to be ap-

---

1. The complaint originally filed in this action imperfectly alleged diversity. We followed the procedure provided in 28 U.S.C. § 1653. See our opinion in Miller v. Weller, 3 Cir., 1961, 286 F.2d 172. The plaintiff has now amended his complaint to show the requisite allegations without objection by the defendants. We therefore have jurisdiction and proceed to the decision of the case.

2. By the terms of this agreement the license was granted as of the date of the agreement (May 1, 1956), and the $250,000 was to be "in complete settlement of all claims * * * for past damages."

3. The appellee's brief states:
   "The agreement in question was drafted by counsel and counsel witnessed the signatures of the parties." Id. at 8, n. 4.

4. "Damages means compensation for a legal injury sustained." Sechrist v. Bowman, 1932, 307 Pa. 301, 310, 161 A. 332, 335.
   See Balantine, Law Dictionary, "Damages" (1930); 1 Bouv.Law Dict.Rawles Third Revision, "Damages", p. 749; Joyce, "Damages" § 2 (1903). See also Paul v. Hood, 1955, 271 Wis. 278, 73 N.W.2d 412; Kanter v. Safran, Fla.1953, 68 So.2d 553; Freigy v. Gargaro Co., 1945, 223 Ind. 342, 60 N.E.2d 288; Perkins v. Benguet Consol. Mining Co., 1942, 55 Cal.App.2d 720, 132 P.2d 70.

5. Birdsall v. Coolidge, 1876, 93 U.S. 64, 23 L.Ed. 802. The statutory language is "damages adequate to compensate for the infringement * * *". 35 U.S.C.A. § 284.

plied in deciding what the contract means.[6]

 When the meaning of a word is so generally recognized in the law and when in a contract the word is used in an agreement which lawyers have drawn up and had their clients sign, we think that meaning for the word is to be applied in deciding what the obligations of the agreement are. To vary that meaning under these circumstances is, we think, contrary to the general rule that when the parties have "memorialized" their agreement in a written contract that instrument defines the extent of their obligations.[7]

The foregoing being our view of this case, the district court incorrectly decided it. The plaintiff has received his contractual share of the damages paid. He is not entitled to any part of the royalties received or to be received.

The judgment of the district court will be reversed and the case will be remanded with directions to enter judgment for the defendant.

McLAUGHLIN, Circuit Judge (dissenting).

I agree with the opinion of the district judge, E.D.Pa.1960, 184 F.Supp. 95, 98 that the license, from which the disputed royalties flow, is just as much the direct result of the patent litigation as the actual cash paid by Wen. The facts support the trial court's conclusion " * * * that without getting the license Wen would not, in all probability, have paid any money, whether under a settlement or a final judgment." It follows, as Judge Grim said, that "The license, therefore, * * * is comprehended within the term 'damages', particularly in view of the inference to 'an out-of-court settlement of any type whatsoever.' "

I would affirm the judgment of the district court.

Sur Petition for Rehearing

PER CURIAM.

After due consideration the petition for rehearing in the above-entitled case is hereby denied.

McLAUGHLIN, Circuit Judge (dissenting).

In dissenting to the denial of the powerful petition for rehearing filed in this cause, I repeat my dissent to the opinion of the majority on the merits of this appeal.

---

6. Fischer & Porter Co. v. Porter, 1950, 364 Pa. 495, 72 A.2d 98, citing Restatement, Contracts § 235(b) (1932). Cf. the Pennsylvania Statutory Construction Act, Pa.Stat.Ann., tit. 46, § 533 (1952).

7. See Waldman v. Shoemaker, 1951, 367 Pa. 587, 80 A.2d 776; Williston, Contracts § 632 (rev. ed. 1936); Restatement, Contracts § 230, comment **b** (1932).