FEDERAL INSURANCE
COMPANY, Plaintiff,

v.

SUSQUEHANNA BROADCASTING
COMPANY, Defendant.

Civ. A. No. 88–0469.

United States District Court,
M.D. Pennsylvania.

May 18, 1990.

Edward C. Toole, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiff.

Thomas B. Schmidt, III, Harrisburg, Pa., W. Edwin Jackson, Susquehanna Broadcasting Co., York, Pa., Thomas B. Schmidt, III, Pepper, Hamilton & Scheetz, Harrisburg, Pa., Gerald P. Norton, Susan L. Launer, Pepper, Hamilton & Scheetz, Washington, D.C., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

On December 21, 1989, we entered summary judgment in favor of defendant, Susquehanna Broadcasting Co. (SBC), concluding that plaintiff, Federal Insurance Co. (Federal), was liable under its comprehensive general liability insurance for response costs incurred by SBC in cleaning up environmental pollution at certain sites in the Gettysburg, Pennsylvania area. *See* 727 F.Supp. 169 (M.D.Pa.1989). SBC has filed a timely motion to reconsider and amend the judgment under Fed.R.Civ.P. 59(e). SBC contends that we erred in concluding that its recovery under the policy would be limited to the value of the polluted property. In its brief in support of the motion, defendant also takes issue with our analysis that under Pennsylvania law, the word "damages" in the Federal policy had to be construed in a technical sense as it appears in the case law rather than from a lay person's point of view. The brief also requests that we delete our discussion of the pollution exclusion as unnecessary dictum. In opposing defendant's motion, Federal does not contest defendant's argument that we erroneously imposed a " 'property value' limitation," as SBC characterizes it. Instead, plaintiff has attempted to convince us that our threshold conclusion was wrong

and that the response costs are not recoverable as damages under Pennsylvania law.[1]

In concluding that any recovery for response costs would be limited to the value of the affected property we relied upon *Kirkbride v. Lisbon Contractors, Inc.*, 385 Pa.Super. 292, 560 A.2d 809 (1989) (en banc), in which the Pennsylvania Superior Court summarized the holdings of various Pennsylvania cases permitting recovery as damages the cost of repairing or restoring real property but which limited recovery to the value of the property. Defendant stresses that this was an issue not argued or briefed by the parties and that *Kirkbride*, a trespass action under the common law, does not support the conclusion that recovery of CERCLA[2] response costs are similarly limited. SBC points out that Federal agreed to pay "all sums" which SBC became "obligated to pay as damages." 727 F.Supp. at 173. The obligation to pay response costs arises under CERCLA which is not limited by reference to a common law measure or limitation upon the damages recoverable. SBC cites, among other cases, *CPS Chemical Co., Inc. v. Continental Insurance Co.*, 222 N.J.Super. 175, 536 A.2d 311 (1988) and *Lansco, Inc. v. Department of Environmental Protection*, 138 N.J.Super. 275, 350 A.2d 520 (1975) in its support. In the above-cited cases the courts looked to the environmental law under which the legal obligation was imposed to determine the measure of damages rather than the common law. We agree with the defendant's position and will grant the motion insofar as it attacks our previous conclusion that damages are limited by the value of the property.

Defendant has also contested our decision to view the word "damages" in the

---

1. SBC contends that Federal is foreclosed from making this argument since plaintiff did not file its own motion to alter or amend. Accordingly, Federal should be limited to rebutting SBC's arguments. We believe, however, that SBC's motion confers upon us the discretion to consider Federal's position even though Federal could not have independently at this time sought reconsideration. *See Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986); *Continental Casualty*

*Co. v. American Fidelity And Casualty Co.*, 186 F.Supp. 173 (S.D.Ill.1959). The same conclusion applies to the grounds set forth in defendant's brief which were not set forth in the motion.

2. The Comprehensive, Environmental Response, Compensation and Liability Act. 42 U.S.C. § 6901 *et seq.*

policy in a technical sense. SBC argues that on this issue we incorrectly relied upon *Continental Insurance Companies v. Northeastern Pharmaceutical & Chemical Co.*, 842 F.2d 977 (8th Cir.1988) (en banc) (*NEPACCO*) and that we misinterpreted *Miller v. Weller*, 288 F.2d 438 (3d Cir.1961) and *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Co.*, 385 Pa. 394, 123 A.2d 413 (1956). Contrary to defendant's contention, we did not rely upon *NEPACCO*. We did note that our analysis would be similar to that of the court in *NEPACCO* but it did not flow from that case. Rather, it was based upon an independent analysis of cases like *Miller* and *Blue Anchor* which construed Pennsylvania law. As for defendant's argument concerning the latter cases, our interpretation is set forth in our original memorandum and we believe it is correct.[3]

SBC has also requested that we delete our discussion of the pollution exclusion clause as unnecessary dictum. We decline to do so. Our analysis was offered in an attempt to narrow the issues and expedite resolution of the case. That our effort was fruitless does not mean that we should now disavow it. The relief defendant seeks is unnecessary and we reject it.

In connection with plaintiff's argument that we erred in concluding that response costs are recoverable as damages, we think it is Federal that is elevating form over substance by its focus upon CERCLA response costs as equitable and restorative in nature rather than legal and compensatory. As the parties and the court apparently agree, significance cannot be attached solely to labels on the causes of action. If, in fact, response costs, the costs of restoring land to its original condition, are recoverable as damages under Pennsylvania law, it does not matter what the nature of the CERCLA action is. This is where *Kirkbride* can be relied upon. It upheld an award of damages measured by the cost of restoring the property to its original condition. The damages were referred to as

compensatory but it is clear that substantively their purpose was to restore the original condition of the land, not compensation for damage inflicted.

We will issue an appropriate order.

## ORDER

AND NOW, this 18th day of May, 1990, upon consideration of Defendant's motion to reconsider and amend the judgment, it is ordered that:

1. The motion is granted in part.

2. Defendant's recovery under the policy shall not be limited by the value of the polluted properties.

3. In all other respects, the motion is denied.

---

**3.** Defendant has also referred us to *Aronson Associates, Inc. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 14 Pa. D. & C. Rep. 3d 1, 8 (Dauphin Co. 1977) (Caldwell, J.). But in that case we had to construe the words "sudden" and "accidental," words of common meaning.