## HOPPER v. MEEKER.

*Contracts—Offer to sell real estate and furniture—Acceptance by purchaser's agent—Written agreement to purchase only realty—Specific performance.*

A real estate owner, after refusing to sell her property, consisting of a house and lot, separate from the furniture, and verbally offering to sell the real estate and furniture together for $26,000, was induced to sign a written offer to sell the real estate for $25,000, by the agent's statement that the prospective purchaser wanted and would take the furniture. After acceptance of the written offer by the prospective purchaser and his refusal to take the furniture, in an action against the owner for specific performance: *Held*, specific performance will be decreed on the payment of $26,000 for the real estate and furniture, as per the defendant's offer.

(Decided December 11, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Theodore Horstman,* for plaintiff in error.
*Mr. Walter A. Ryan* and *Mr. Robert P. Goldman,* for defendant in error.

CUSHING, J. Mrs. Hopper owned a house and lot on the south side of McMillan street, between Park avenue and Laredo street, Walnut Hills, Cincinnati. Prior to January 30, 1922, George B. Meeker sought the aid of L. C. Hamer, a real estate agent, to assist him in locating a house where he could live and practice his profession. Hamer solicited Mrs. Hopper to list her property with him for sale. At that time she stated she would sell her property for $27,000, this purchase price to include furniture in the rooms on the second floor of the building. Meeker subsequently made a written offer for the property, separating the furniture from the real estate. He offered $23,500 for the real estate, or $24,500 for the real estate and the furniture. Mrs. Hopper refused this offer. She then verbally offered to sell the real estate and furniture for $26,000.

Two or three days after January 30, 1922, Hamer telephoned Mrs. Hopper to come to his office. He requested her to sign a written offer to sell the real estate to Meeker for $25,000. He induced her to sign the writing by stating that Meeker wanted and would take the furniture, but that if he included it in the written offer he would have to charge her commission for its sale.

After the written offer was accepted by Meeker, he declined to take the furniture. Mrs. Hopper then refused to execute the deed for the real estate,

and this action was commenced in the superior court of Cincinnati to compel specific performance of the contract.

It is clear from the record that Mrs. Hopper at all times considered but one offer, that was, the sale of the entire property with furnishings.

While there is no direct testimony connecting Meeker with any misstatement, yet the circumstances do so connect him. In the first place, the contract was not dated on the day it was made. On Sunday, after Mrs. Hopper had signed the written instrument, Meeker and his wife called to inspect the furniture, and from their conduct induced Mrs. Hopper to believe they would take the furniture. The next day, and presumably after the written contract had been delivered to Meeker, he advised her that they would not take the furniture.

The court below ordered specific performance on condition that Meeker pay $25,000, in addition to $500 he had already paid Hamer. This, in our judgment was error. There was but one contract, so far as Mrs. Hopper was concerned, and the method of handling the deal cannot change that fact.

The judgment of the court below will be modified, and specific performance decreed, on the payment of $26,000 for the real estate, including the furniture, as per Mrs. Hopper's contract.

*Judgment accordingly.*

HAMILTON, P. J., and BUCHWALTER, J., concur.