618 A.2d 982

**Thomas TROTMAN, Appellee,**

v.

**Albert MECCHELLA, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1992.

Filed Dec. 30, 1992.

Rames J. Bucci, Philadelphia, for appellant.

Edward D. Conway, Philadelphia, for appellee.

Before OLSZEWSKI, BECK and KELLY, JJ.

OLSZEWSKI, Judge:

Albert Mecchella appeals the judgment entered July 14, 1992, in the Court of Common Pleas of Philadelphia County. This case arose out of an incident which occurred on September 10, 1988. In the early morning hours of that day, Mecchella was driving three friends around Philadelphia in his car. Thomas Trotman was walking along Sixth Street in Philadelphia when Mecchella called out to Trotman and motioned for him to come over to the car. As Trotman approached the stopped car, he saw the barrel of a gun being pointed at him from the back seat of the car. Trotman heard a popping sound and felt a sharp pain in his left eye. Consequently, Trotman was operated on at a Philadelphia hospital for removal of a BB pellet from near his left eye. As a result of the trauma from the shooting, Trotman lost his left eye.

A criminal trial was held in December of 1989. At trial, Mecchella stated that he and the other men in his car had been drinking all that night, driving around Philadelphia. Mecchella admitted that he knew there was a BB gun in his car, and that one of the men was firing it from the back seat. Mecchella was convicted of criminal conspiracy.

After the criminal trial, a personal injury bench trial was held on the issue of Mecchella's negligence on July 24, 1991. The court entered a judgment against Mecchella for $150,000 in compensatory damages and $50,000 in punitive damages. Mecchella filed post-trial motions, alleging that any reference in the civil case to his criminal conviction was error because Mecchella was not a principal actor in the shooting of Trotman. The court denied the post-trial motions, and this appeal followed.

Mecchella argues that the negligence action should have been dismissed because it was a new cause of action for which he was unable to timely formulate a defense. This allegation is flatly contradicted by the record in this case. The docket entries show that Trotman's complaint was filed on March 12, 1991, and that Mecchella's answer was filed March 27, 1991.

Mecchella also argues that the evidence was insufficient because it did not support a finding of negligence, or a finding that his conduct was outrageous and merited punitive damages. Initially, we note that the findings of a trial judge in a non-jury case are given the same weight and effect on appeal as a jury verdict. *Mancini v. Morrow*, 312 Pa.Super. 192, 458 A.2d 580 (1983). We will not disturb the findings of the trial judge on appeal unless they are predicated on errors of law or unsupported by competent evidence of record. *Id.* In addition, we are required to consider the evidence in the light most favorable to the verdict winner. *Id.* Our role on appeal is to determine whether the findings of fact are supported by competent evidence and whether the trial court committed error in any application of the law. *Rivera v. Phila. Theological Seminary*, 398 Pa.Super. 264, 580 A.2d 1341 (1990). In this case, we find that the trial court correctly applied the law, and that the court's holding is supported by competent evidence.

As to Mecchella's first allegation of error, we note that at trial, Mecchella's counsel argued that since Mecchella's plea was nolo contendere and not a plea of guilty, the plea could not have been used as an admission of guilt to the conspiracy charge. Counsel argued that the trial court impermissibly

used the conviction as evidence in the negligence action against Mecchella. We disagree.

At Mecchella's personal injury bench trial, Mecchella testified that on the night of the incident, he had been driving his companions throughout Philadelphia in his car all night. He testified that they had been drinking, that he knew the gun was in the car, and that the gun was being randomly fired out of the car windows while the car was moving. (N.T., 7/24/91 at 28–29.) In pronouncing its decision on the case, the trial court stated:

> At no time did the defendant take any steps to remove the user of the rifle from the car or to restrain him from such reckless actions, and in my opinion that was grossly reckless and negligent conduct. And for that reason I found in favor of the plaintiff and awarded damages in the amount of $150,000.00 for the loss of an eye. This was a young man who was going to have problems with his eye forever and I felt that the negligence and recklessness of the defendant was so gross in character that it warranted the addition of punitive damages in the amount of $50,000.00. As to the plea of nolo contendere, there was testimony offered at the time of trial that the defendant was charged with conspiracy to commit an assault on the plaintiff. He was represented by counsel and that charge arose out of this incident. He was represented by counsel and at the criminal trial he entered a plea of nolo contendere, which he was told and which he conceded at this trial was—he understood was equivalent to a guilty plea. He was sentenced to some five years of probation. However, the criminal charges had no effect on my decision. I found on the fact issues alone in favor of the plaintiff and against the defendant for the reasons stated.

(N.T., 4/7/92, at 13–14.)

Mecchella's assertion that the evidence was insufficient to support the verdict is without merit. While the court mentioned Mecchella's plea of nolo contendere, the court did not rely on it in its finding of liability for compensatory damages. The court held that the other factual evidence before it was

the basis for its holding. The court's ruling was in compliance with the law of this Commonwealth:

> A plea of nolo contendere, when accepted by the court is, in its effect upon the case, equivalent to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such plea as well as upon a plea of guilty.

*Eisenberg v. Com., Dept. of Public Welfare,* 512 Pa. 181, 185, 516 A.2d 333, 335 (1986) (citations omitted). The court stated on the record the reasons for its liability finding, and clearly stated that the conviction was not evidence by which the court found an admission or on which the court relied to arrive at a finding of negligence. We find no error in the court's judgment. Mecchella's first allegation of error therefore fails.

Mecchella's final contention of trial court error is that the evidence was insufficient to sustain the punitive damage award. We disagree.

> We know that in order to impose punitive damages, the wrongful conduct must be outrageous. Conduct is outrageous when it is "malicious, wanton, reckless, willful or oppressive". *Rizzo v. Haines,* 520 Pa. 484, 506, 555 A.2d 58, 69 (1989). Such conduct must show the actor's evil motive or reckless indifference to the rights of others. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984).

*Hess v. Hess,* 397 Pa.Super. 395, 399, 580 A.2d 357, 359 (1990). The determination of whether a person's actions amount to outrageous conduct lies within the sound discretion of the fact finder, and will not be disturbed by an appellate court so long as there is no abuse of discretion. *Kirkbride v. Lisbon,* 385 Pa.Super. 292, 560 A.2d 809 (1989). In this case, the trial court found that Mecchella's act of driving around Philadelphia while intoxicated, with his intoxicated companions shooting a BB gun randomly out of the moving car, was sufficiently outrageous to support an award of punitive damages. We find no abuse of discretion in the trial court's ruling. Mecchella's final allegation of error fails.

For the reasons stated above, judgment affirmed.