**EAGLE TRAFFIC CONTROL, Plaintiff,**

v.

**ADDCO, Defendant.**

**No. 94–CV–7363.**

United States District Court, E.D. Pennsylvania.

June 20, 1995.

Joseph A. McGinley, Lavin, Coleman, Finarelli & Gray, Philadelphia, PA, for plaintiff.

Joseph M. DeMarco, March, Hurwitz, DeMarco & Mitchell, P.C., Media, PA, for defendant.

### *MEMORANDUM AND ORDER*

JOYNER, District Judge.

We address today the motion filed pursuant to Fed.R.Civ.P. 12(b)(6) by Defendant in this diversity case, in which it seeks the dismissal of Plaintiff's request for punitive damages. For the reasons that follow, the motion to dismiss will be denied.

### I. *BACKGROUND*

For the purposes of a Rule 12(b)(6) motion, we must accept as true the facts as alleged by the non-moving party, which are as follows. The plaintiff, Eagle Traffic Control

("Eagle"), which is in the business of providing safety equipment to highway work sites, contracted with the defendant, Addco, to purchase 15 flip disk boards and a light emitting diode ("LED") board. A flip disk board reflects the light from passing vehicles in order to be seen at night, and an LED board displays lighted messages of warning or instruction to drivers around work sites. Eagle had a contract to provide these boards to James Julian, Inc. ("James Julian"), a general contractor, which in turn had a contract with the Delaware Department of Transportation ("DelDOT"). DelDOT was to assume ownership of the boards at the close of the construction project. At the time of the purchase of the boards, Addco assured Eagle that the diesel consumption rate of the flip disk boards was competitive and that the equipment was free from defect. Shortly after installation, however, the boards began to malfunction and consume fuel at a higher rate than promised. When these problems arose, Addco sent a letter to DelDOT in which it falsely claimed that Eagle had failed to maintain and pay for the boards.

Eagle filed a complaint in this Court pursuant to our diversity jurisdiction under 28 U.S.C. § 1332, alleging breach of contract, breach of warranty, negligence, strict liability, misrepresentation, and trade disparagement. On Addco's motion for partial dismissal of the complaint, this Court dismissed Eagle's claims based on negligence, strict liability, negligent misrepresentation, and trade disparagement; granted Eagle leave to amend its complaint; and withheld judgment on the issue of punitive damages until Eagle amended the complaint or the time to amend elapsed. *See Eagle Traffic Control v. Addco*, 882 F.Supp. 417 (E.D.Pa.1995). Eagle has since filed an amended complaint, in which it sets forth claims for breach of contract and breach of warranty, as well as a defamation claim, for which it seeks both compensatory and punitive damages. Addco now brings the instant motion, in which it argues that Eagle has failed to allege facts sufficient to support a punitive damages award.

## II. *DISCUSSION*

### A. *Standard for a Rule 12(b)(6) Motion*

In considering a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6), a court must take as true all allegations in the non-moving party's complaint and allow all reasonable inferences from those allegations. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994); *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991). A motion to dismiss should not be granted unless "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Thus, the moving party must show that even if the non-moving party's allegations are true, it still has no grounds for relief. This Court will apply these standards to the request for punitive damages made in Eagle's complaint.

### B. *Standard for Establishing Punitive Damages*

There is some dispute as to whether Pennsylvania or Delaware law applies in this case; however, we need not address the issue, since the standard regarding punitive damages is the same in both jurisdictions. Thus, under the law of both states, the purpose of punitive damages is to punish the defendant and deter similar conduct from the defendant and others in the future. *Jardel Co. v. Hughes*, 523 A.2d 518, 529 (Del.1987); *Feingold v. Southeastern Pennsylvania Transp. Auth.*, 512 Pa. 567, 517 A.2d 1270, 1276 (1986); *Martin v. Johns–Manville Corp.*, 508 Pa. 154, 494 A.2d 1088, 1096 (1985). The question of punitive damages is usually determined by the trier of fact; the Court can decide the issue only when no reasonable inference from the facts alleged supports an award of punitive damages. *Jardel*, 523 A.2d at 527; *Trotman v. Mecchella*, 421 Pa.Super. 620, 618 A.2d 982, 985 (1992).

In *SHV Coal, Inc. v. Continental Grain Co.*, 526 Pa. 489, 587 A.2d 702, 704 (1991), the Pennsylvania Supreme Court stated that punitive damages are appropriate when the defendant's actions are "of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct." Similarly, the standard for punitive damages

elucidated by the Delaware Supreme Court is "egregious conduct of an intentional or reckless nature." *Jardel,* 523 A.2d at 529. Thus, the culpability of the defendant's state of mind must be higher than "mere inadvertence, mistake or errors of judgment which constitute mere negligence" to impose punitive damages; the actions of the defendant "must result from a conscious indifference to the decision's foreseeable effect." *Id.; Martin,* 494 A.2d at 1097; *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742, 748 (1984). The Restatement (Second) of Torts, which both Pennsylvania and Delaware courts have followed in the past, *see SHV Coal,* 587 A.2d at 704; *Jardel,* 523 A.2d at 529; *Martin,* 494 A.2d at 1096; *Feld,* 485 A.2d at 747, sets a similar standard. It states that punitive damages "may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Restatement (Second) of Torts § 908(2) (1979).

### C. *Eagle's Punitive Damages Claim*

 With the standard to sustain a claim for punitive damages in mind, we now turn to the allegations made by Eagle to determine whether they adequately support Eagle's punitive damages claim. The plea for punitive damages arises from the allegedly defamatory statements contained in Addco's letter to DelDOT. Eagle alleges that Addco wrote a letter to DelDOT falsely stating that Eagle neither paid for nor properly maintained the equipment. According to Eagle, the purpose of this letter was to embarrass Eagle, to disrupt its contract with James Julian, and to shift the blame for the products' failure from Addco to Eagle. In addition, Eagle alleges that Addco's communication with DelDOT was improper in that it violated the Delaware Standard Specifications, which require that communications of this sort be made with the general contractor, not DelDOT, when problems arise. Eagle alleges that Addco made the statements maliciously, and with the purpose of besmirching Eagle's name.

Since Addco's corporate state of mind in writing this letter is a question of fact, we must construe the inferences regarding state of mind in Eagle's favor. Here, Eagle has alleged that Addco made false statements about Eagle with the intention of disrupting Eagle's contract with DelDOT and James Julian and shifting blame for the faulty signs to Eagle. Nowhere in Eagle's complaint is there a suggestion that Addco's actions were merely negligent or a product of misjudgment. We can infer that Addco sent the letter in conscious disregard of the damaging effect it would have on business relations among Eagle, James Julian, and DelDOT. These allegations, if established at trial, would be evidence of intentional or recklessly indifferent conduct which is sufficient grounds for an award of punitive damages. Therefore, we find that the allegations against Addco in Eagle's complaint are sufficient to survive this motion to dismiss.

### III. *CONCLUSION*

For the reasons stated above, the defendant's motion to dismiss the plaintiff's request for punitive damages is denied. An appropriate order follows.

### *ORDER*

AND NOW, this 20th day of June, 1995, upon consideration of the Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and the response thereto, it is hereby ORDERED, for the reasons set forth in the preceding memorandum, that Defendant's motion is DENIED.