**Hametz v. Schmitt**

C.P. of Monroe County, no. 2358 Civil 1999.

*Mark S. Love,* for plaintiff.
*Kathleen A. Walsh,* for defendant Schmitt.
*Jennifer Harlacher Sibum,* for defendant estate.

CHESLOCK, *J.,* June 16, 1999—Plaintiff commenced this action on March 19, 1999 by filing a complaint against defendant. On April 22, 1999, defendant filed preliminary objections to plaintiff's complaint and praeciped the case for argument. Plaintiff filed a brief in opposition to the preliminary objections on April 29, 1999. Arguments were heard on June 7, 1999. We are now ready to dispose of this matter.

A demurrer is a preliminary objection asserting that the pleadings fail to set forth a cause of action upon which relief can be granted. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991). When considering a demurrer, the court must accept as true all well pleaded facts set forth in the complaint, as well as all reasonably deducible inferences. *Lazor v. Milne,* 346 Pa. Super. 177, 499 A.2d 369 (1985). A demurrer will only be granted when the complaint has clearly failed to state a claim upon which relief can be granted. *Rutherfoord v. Presbyterian-University Hospital,* 417 Pa. Super. 316, 612 A.2d 500 (1992). With these standards in mind, we shall now consider defendant's preliminary objections in the nature of a demurrer.

Defendant argues that plaintiff's claim for punitive damages should be dismissed in the nature of a demurrer. In the instant case, defendant contends that the actions of the deceased do not demonstrate an entitlement to punitive damages. Plaintiff asserts that sufficient facts have been pled to warrant a claim for punitive damages.

In Pennsylvania, "in order to impose punitive damages, the wrongful conduct must be outrageous." *Trotman v. Mecchella,* 421 Pa. Super. 620, 625, 618 A.2d 982, 985 (1992). "Conduct is outrageous when it is 'malicious, wanton, reckless, willful or oppressive.'" *Id.,* quoting *Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58 (1989). "Such conduct must show the actor's evil motive or reckless indifference to the rights of others." *Id.,* quoting *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984).

In *Schwab v. Bates,* 12 D.&C.4th 162 (1991), the court had to consider whether punitive damages should be as-

sessed against the estate of the alleged deceased tort-feasor. Plaintiff was injured by defendant in an automobile accident. Defendant was intoxicated and subsequently died. "[R]ecovery of [punitive] damages against the estate of a deceased defendant should be permitted if there are sound policy reasons to do so." *Id.* at 163. The *Schwab* court held "that a plaintiff is permitted to seek an award of punitive damages against the estate of a deceased tort-feasor when the conduct that is attempted to be deterred in others is driving while intoxicated." *Schwab,* 12 D.&C.4th at 168. The court permitted a claim for punitive damages in an "attempt to deter conduct that, if deterred, will without question save many innocent lives." *Id.* at 167.

This court finds the reasoning enunciated in *Schwab v. Bates* persuasive. An imposition of punitive damages against the estate of a deceased tort-feasor could have a deterrent effect upon others. Plaintiff's request for punitive damages is appropriate considering the allegations that the deceased defendant was intoxicated at the time of the accident and was traveling in plaintiff's lane of travel. Defendant's preliminary objection in the nature of a demurrer to the punitive damage claim is dismissed.

Accordingly, we enter the following order:

## ORDER

And now, June 16, 1999, defendant's preliminary objection in the nature of a demurrer is hereby dismissed. Defendant is directed to file a responsive pleading within 20 days of the date of this order.