**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-2921 & 17-3133
_____

PETER PONZINI; MIRYEM BARBAROS
as Co-Administrators of the Estate of
Mumun Barbaros, deceased,
Appellants
v.

MONROE COUNTY; WARDEN DONNA M. ASURE;
RICH CUTH; CPT. GEORGE KUMBURIS;
CO JESSE CLEARE; CO J. PARKER;
CO ROBERT OVERFIELD; CO GARY MOWRY;
CO NORMA L. ELMORE; CO ERIN DEVERS;
SGT. HAIDLE; PRIMECARE MEDICAL INC.;
DR. ALEX THOMAS; DR. WILLIAM BUFFTON;
DR. DEBORAH WILSON; CHRISTINA ROWE;
PATRICIA BAUER; WENDY JOHNSON;
C. ROVE; PAUL S. JAMES;
NURSE GRACE RAMOS; JOHN DOE, PSS;
JOHN DOE I; JOHN DOE II, JOHN DOE III;
JOHN DOE IV; JOHN DOE V
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3-11-cv-00413)
District Judge: Hon. Robert D. Mariani
_____

Argued: March 14, 2019
_____

Before: McKEE, ROTH, and FUENTES, *Circuit Judges*.

(Opinion filed: November 21, 2019)

Brian S. Chacker [ARGUED]
Gay & Chacker, P.C.
1731 Spring Garden Street
Philadelphia, PA 19130

*Counsel for Appellants/Cross-Appellees in 17-2921*

Robert L. Byer [ARGUED]
Andrew R. Sperl
John E. Moriarty
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

*Counsel for Appellees/Cross-Appellants in 17-3133*

_____

OPINION*
_____

McKEE, *Circuit Judge.*

Peter Ponzini and Miryem Barbaros, co-administrators of the estate of Mumun Barbaros (collectively "Plaintiffs"), appeal the District Court's order granting PrimeCare Medical, Inc.'s Motion for Judgment Notwithstanding the Verdict which reversed the jury's award of $8,000,000 in punitive damages. PrimeCare, Paul James, Patricia Bauer, Christina Rowe, Wendy Johnson, and Grace Ramos (collectively, the "PrimeCare Defendants") cross-appeal the District Court's denial of their Motion for a New Trial based on allegedly misleading jury instructions. For the reasons that follow, we will

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

reverse the Court's order granting JNOV and we will affirm the order denying the

PrimeCare Defendants' motion for a new trial.

## I.[1]

Under Pennsylvania law, "[p]unitive damages may be awarded for conduct that is

outrageous, because of the defendant's evil motive or his reckless indifference to the

rights of others."[2]  Accordingly, "a punitive damages claim must be supported by

evidence sufficient to establish that (1) a defendant had a subjective appreciation of the

risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as

the case may be, in conscious disregard of that risk."[3]

The Pennsylvania Supreme Court has held that the determination of whether a

defendant's actions are reckless lies within the sound discretion of the fact finder.[4]

Therefore, a court should set aside a punitive damages claim "only when no reasonable

inference from the facts alleged supports an award of punitive damages."[5]  It is now firmly

established that a hospital may be held directly, not merely vicariously, liable for failure to

oversee all persons providing patient care as well as for failing to adopt/enforce rules and

policies adequate to ensure quality care.  Those are all non-delegable duties owed directly

---

[1] The District Court had original jurisdiction over the case pursuant to 28 U.S.C. § § § 1331, 1341(1), (3) and (4), 1343(a)(3) and (4).  The District Court had supplemental jurisdiction to address state law claims under 28 U.S.C. § 1376(a).  We have appellate jurisdiction pursuant to U.S.C. § 1291.

[2] *Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 121 (Pa. 2005) (internal quotation marks and citations omitted).

[3] *Id.* at 124.

[4] *See SHV Coal, Inc. v. Cont'l Grain, Co.*, 587 A.2d 702, 705 (Pa. 1991).

[5] *Eagle Traffic Control v. Addco*, 889 F. Supp. 200, 201 (E.D. Pa. 1995) (citing *Trotman v. Mecchella*, 618 A.2d 982, 985 (Pa. Super 1992)).

to the patient.[6]  Thus, when healthcare institutions act (or fail to act) with intentional or reckless disregard for a patient's health and welfare, they may be held liable for punitive damages.[7]

In overturning the jury's award of punitive damages, the District Court concluded, "[v]iewing all the evidence in the light most favorable to the Plaintiffs, no reasonable jury could find PrimeCare's conduct sufficiently recklessly indifferent so as to warrant punitive damages under Pennsylvania law."[8]  We disagree.

Plaintiffs introduced more than sufficient evidence to support their claim for punitive damages.  From the moment Barbaros entered MCCF, every person who interacted with him or was involved in his "care" violated policies and procedures intended to ensure proper communication and patient safety.  The record is filled with evidence of policies ignored, medical records not reviewed, medical orders not followed, medication prescribed but not given (after verification), and PrimeCare ignoring nursing staff complaints about insufficient staffing and doctors not visiting MCCF sufficiently frequently.  The evidence is clearly sufficient to allow a reasonable juror to conclude that PrimeCare recklessly disregarded Barbados's welfare; and the jury here did just that.

Viewing the evidence in the light most favorable to Plaintiffs (as we must), we conclude that the jury could easily find that PrimeCare is a company that regularly misrepresents its operational structure, fails to properly supervise its staff, and takes

---

[6] *See Thompson v. Nason Hosp.*, 591 A.2d 703, 707–08 (Pa. 1991).
[7] *See Scam pone v. Grane Healthcare Co.*, 11 A.3d 967, 989–92 (Pa. Super. 2010) (scheduling unqualified and insufficient staff justified punitive damages).
[8] *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 544 (M.D. Pa. Aug. 30, 2017).

affirmative steps to mislead the public and the government. Therefore, the record supports the jury's conclusion that PrimeCare's actions were "of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct."[9]

As noted at the outset, the District Court should only have set the punitive damages award aside if "no reasonable inference from the facts alleged support[ed] [the] award of punitive damages."[10] That is simply not the case here. Therefore, we will reverse the District Court's order vacating the award of punitive damages.

**II.**

The PrimeCare Defendants argue that they are entitled to a new trial because the District Court erroneously charged the jury on negligence *per se*. Federal Rule of Civil Procedure 59 provides that a new trial may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Although Rule 59 does not enumerate specifics, "[a] court may grant a new trial on the grounds of: (1) improper admission or exclusion of evidence; (2) improper instructions to the jury; (3) misconduct of counsel; (4) newly discovered evidence; or (5) a finding that the jury's verdict is against the weight of the evidence."[11] The decision to grant a new trial is within the sound discretion of the trial court, and such requests are disfavored.[12]

---

[9] *Addco*, 889 F. Supp. at 201.
[10] *Id.*
[11] *Davis v. Gen. Acc. Ins. Co. of Am.*, 153 F. Supp. 2d 598, 600 (E.D. Pa. 2001).
[12] *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991).

In evaluating a motion for a new trial, we must first determine whether an error was in fact made, and then decide "whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice."[13]

When the motion is based on the court's jury instructions, a new trial is warranted only if the instructions, *taken as a whole*, "fail[ ] to 'fairly and adequately' present the issues in the case without confusing or misleading the jury."[14] "It is well settled that a trial judge has substantial discretion to select the language to be used in instructing the jury on the law so long as the judge's instructions are correct and do not omit essentials."[15]

"We generally review jury instructions for abuse of discretion to determine whether they are misleading or inadequate. However, when the question is whether the instructions misstate the law, our review is plenary."[16] "The trial court should be reversed only if the instruction was capable of confusing and thereby misleading the jury."[17]

Here, "[a]s the Court stated on the record, Plaintiffs requested a negligence *per se* instruction on two grounds, but the Court declined to give that instruction. Instead, the Court, upon Plaintiffs' request, directed the jury to an uncontroversial definition contained in Pennsylvania's statutes and nursing regulations."[18] That portion of the charge read as follows:

[13] *Farra v. Stanley–Bostitch, Inc.*, 838 F. Supp. 1021, 1026 (E.D. Pa. 1993) (internal citations and quotation marks omitted).
[14] *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 79 (3d Cir. 2009) (quoting *United States v. Ellis*, 156 F.3d 493, 498 n.7 (3d Cir. 1998)).
[15] *United States v. Tiller*, 302 F.3d 98, 105 (3d Cir. 2002).
[16] *Woodson v. Scott Paper Co.*, 109 F.3d 913, 929 (3d Cir 1997).
[17] *United States v. Fischbach and Moore, Inc.*, 750 F.2d 1183, 1195 (3d Cir. 1984).
[18] *Ponzini*, 269 F. Supp. 3d at 550.

D. Negligence Per Se. Violation of Statute.

Pennsylvania law in effect at the time this alleged harm occurred, The Practical Nurse Law defines the practice of practical nursing as the performance of selected nursing acts in the care of the ill, injured or infirm, under the direction of a licensed professional nurse or a licensed physician, which do not require the specialized skill, judgment and knowledge required in professional nursing.[19]

We review the instruction for an abuse of discretion because the issue is not whether the trial judge misstated the law, it is whether his instruction was confusing and thereby misleading.[20] We have long held that "we consider the totality of the instructions and not a particular sentence or paragraph in isolation."[21]

When the mention of negligence *per se* is viewed in context with the instruction as a whole, we are satisfied that the Court never actually instructed the jury on negligence *per se*. Instead, the Court gave the statutory definition of practical nursing but labeled it as: "D. Negligence Per Se. Violation of Statute."[22] The negligence *per se* "title" was clearly more of a typographical mistake than an error of law or a misleading instruction on the law. We cannot conclude that the insertion of that lone phrase (which was almost certainly inadvertently "pasted" into the instruction) suggested to the jury that it should consider whether any of the PrimeCare Defendants were, in fact, negligent *per se*. This is reinforced by the fact that the Court did not instruct on a legal standard, the violation of

---

[19] App. 3334–35.

[20] *See Woodson*, 109 F.3d at 929; *see also Bolden v. Se. Pa. Transp. Auth*, 21 F.3d 29, 33 (3d Cir. 1994) ("Absent an error of law, decisions as to proposed jury instructions are generally subject to review only for abuse of discretion.").

[21] *In re Braen*, 900 F.2d 621, 626 (3d Cir. 1990).

[22] App. 3334.

7

which would have been necessary to establish *per se* negligence.[23] In fact, the Court never even explained the concept of negligence *per se* and we do not think a fair and objective reading of that language, in context with the entire charge, could have somehow sent the jury down the path of deliberating about whether the evidence established *per se* negligence, a concept they were never informed about.

An error is harmless when there is a "high probability" that the discretionary error did not contribute to the verdict.[24] Moreover, an error is harmless only if "in light of the total record here, we are satisfied that no jury would have found for the defendant solely on the basis of the [] instruction."[25]

The PrimeCare Defendants' claim of error requires us to view the jury instruction titled negligence *per se* in the limited scope of the statements before and immediately after the erroneously inserted title rather than viewing the entirety of the charge. The phrase "negligence *per se*" was merely a title. It was an extraneous phrase in the midst of a legally correct instruction. We do not believe that it created a sufficient probability of jury confusion to negate the jury's verdict. It was simply not that confusing or misleading. It was a recitation of the nursing statute; it was not a negligence *per se* instruction, and we doubt that a reasonable jury could have interpreted it as anything other than that. The

---

[23] *See United States v. Dobson*, 419 F.3d 231 (3d Cir. 2005) (holding that the district court must instruct the jury on a legal standard necessary to establish the charge before it).

[24] *Langbord v. U.S. Dep't of Treasury*, 832 F.3d 170, 196 (3d Cir. 2016) (en banc).

[25] *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 357 (3d Cir. 1999) (quoting *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 121 (3d Cir. 1999)) (internal quotation marks omitted).

PrimeCare Defendants do not argue that it contained an inappropriate definition of the practice of practical nursing.

Given the totality of the charge, inclusion of the phrase negligence *per se* "was harmless because 'it is highly probable that [it] did not affect the outcome of the case.'"[26] We therefore agree with the District Court's conclusion that it was not "prejudicial and does not entitle the PrimeCare Defendants to a new trial."[27] Thus, we will affirm the District Court's denial of the PrimeCare Defendants' motion for a new trial.

## III.

For the foregoing reasons, the judgment entered by the District Court on August 30, 2017 will be vacated in part and affirmed in part. The grant of JNOV will be reversed and the denial of PrimeCare Defendants' motion for a new trial will be affirmed.

---

[26] *Marshak v. Treadwell*, 240 F.3d 184 (3d Cir. 2001) (quoting *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 752 (3d Cir. 1995)).
[27] *Ponzini*, 269 F. Supp. 3d at 550.

ROTH, Circuit Judge, concurring in part and dissenting in part:

I agree with my colleagues that the District Court erred in granting PrimeCare's renewed motion for judgment as a matter of law on the issue of punitive damages. I disagree, however, with their conclusion that the District Court's negligence instruction was not capable of confusing or misleading the jury. I would reverse the judgment against PrimeCare on that issue and remand this case for a new trial.

I

After the close of evidence, the District Court charged the jury, including on the question of PrimeCare's negligence. That section, numbered as 17, provided an overview about theories of negligence:

> 17. Plaintiffs' negligence care against PrimeCare Medical, Inc. In addition to Plaintiffs' claims against [individual defendants], Plaintiffs have also brought a claim against Defendant PrimeCare Medical, Inc. for negligence.
>
> PrimeCare Medical, Inc. may be liable under any of the following three theories of negligence: 1. Respondeat superior. 2. Liability for its independent contractors, and/or; 3. Direct corporate liability. I will instruct you on each theory of liability.[1]

The District Court provided detailed explanations of those three theories of negligence under the headings "A. Respondeat Superior," "B. Liability for Independent Contractor,"

---

[1] App. 3332.

1

and "C. Corporate Liability of PrimeCare Medical, Inc."[2] For each theory of negligence, the District Court laid out, in numbered lists, what the jury would have to find to conclude that PrimeCare was negligent.

Following those three headings, under the heading "D. Negligence Per Se. Violation of Statute," the statutory definition of "Practical Nursing" was set out.[3] The District Court gave no explanation for the relevance of the statute or how the jury should consider the statute. The District Court then proceeded directly to "18. Negligence. Damages."[4]

After the verdict was returned, PrimeCare filed a Rule 50(b) motion for judgment as a matter of law and a new trial. In relevant part, the District Court denied the motion for a new trial because "the Court cannot say that either providing the definition of the practice of practical nursing to the jury (*which was not a negligence per se instruction*) or

---

[2] App. 3332–33. These three headings, along with all other headings, were read to the jury out loud.

[3] "Pennsylvania law in effect at the time this alleged harm occurred, The Practical Nursing Law, defines the practice of practical nursing as the performance of selected nursing acts in the care of the ill, injured or infirm, under the direction of a licensed professional nurse or a licensed physician, which do not require the specialized skill, judgment and knowledge required in professional nursing." App. 3334.

[4] App. 3335. The discrepancy between the "three theories of negligence" and the four headers A–D was the result of plaintiffs' counsel requesting a full negligence per se charge during a prior colloquy regarding changes to the District Court's proposed instructions. Ultimately, as a compromise, the District Court agreed to add paragraph D despite concerns that it would appear "that these laws dictate the duty of care." App. 3108. Notably, the District Court had forbidden plaintiff's counsel from asking witness questions geared toward negligence per se.

2

permitting Plaintiffs to argue that PrimeCare failed to comply with the regulation[ ] was in error."[5]

## II

Jury instructions are reviewed for legal accuracy de novo. Misleading and inaccurate instructions are reviewed for an abuse of discretion.[6] A "failure to use the exact words requested by counsel is not reversible error" if the instructions were "accurate in substance and understandable to lay persons."[7] Reversal is appropriate, however, if "the instruction was capable of confusing and thereby misleading the jury."[8]

There is no dispute over the accuracy of the quotation of the Practical Nursing Statute. However, in view of the heading "Negligence Per Se-Violation of Statute," the instruction was sufficiently misleading that even the District Court and the parties could not agree whether negligence per se had been charged. All parties fully briefed the issue on appeal as if negligence per se had actually been charged. The District Court had taken the opposite position in its memorandum opinion, stating that "[i]t is apparent that the Court did *not* charge the jury in accordance with a negligence per se instruction (despite the label of the instruction stating 'Negligence Per Se-Violation of Statute')."[9] This disagreement alone is sufficient to demonstrate that the jury instruction was capable of confusing the jury. The majority, however, fails to address the parties' framing of the

---

[5] App. 186 (emphasis added).
[6] *Difiore v. CSL Berhing, LLC*, 879 F.3d 71, 75 (3d Cir. 2018).
[7] *Id.* (quoting *Williams v. Mussomelli*, 722 F.2d 1130, 1134 (3d Cir. 1983)).
[8] *Grazier ex rel. White v. City of Philadelphia*, 328 F.3d 120, 126 (3d Cir. 2003) (citing *United States v. Fishbach & Moore, Inc.*, 750 F.2d 1183, 1195 (3d Cir. 1984)).
[9] App. 179.

3

instruction and claims that the inclusion of the phrase "negligence per se" is insufficient to cause confusion.

The substance of the instruction fares no better. The majority emphasizes that "the totality of the instructions and not a particular sentence or paragraph in isolation" needs to be considered.[10] But doing so here weakens the majority's argument: While the District Court described the definition in the instruction as "uncontroversial,"[11] its placement within the broader negligence instruction invites confusion. The charge followed three theories of negligence under which PrimeCare would be liable. These three theories were introduced by headings labeled A, B, and C, and each heading was followed by a short legal explanation of the theory and what the jurors had to find based on their factual determinations. A section titled "D. Negligence per se" followed, consisting solely of the "Practical Nursing" statutory definition.[12] It would be a logical assumption for the jury to conclude that negligence per se was meant to be a fourth theory of liability and that the performance or misperformance of the duties of practical nursing was the basis for that claim.

The District Court's reliance on *Prum v. Crisante*[13] to support its ruling is instructive. The court in *Prum*, like the District Court here, declined to give a negligence

---

[10] *In re Braen*, 900 F.2d 621, 626 (3d Cir. 1990); *accord* Maj. Op. at 6–7.
[11] App. 180.
[12] App. 3334–35.
[13] No. 14-4829, 2016 WL 7201233 (E.D. Pa. Apr. 29, 2016).

4

per se jury instruction and instead instructed the jury on the applicable law.[14] Unlike in

the instant case, however, the instruction continued:

> Mr. Prum claims that the defendant, Mr. Crisante, violated these laws. In turn, Mr. Crisante claims that Mr. Prum violated these laws. If you find that either party violated the law, you may consider this evidence in determining whether either party was negligent in this case.[15]

The instruction in *Prum* made it clear what the jury should do with the applicable law

provided to it.[16]

Here, the only guidance the jury received along with the statutory definition was

the heading "Violation of Statute. Negligence Per Se."[17] The text of this instruction

provided no indication to the jury that the negligence per se section was not to be

assessed as an independent theory of liability like the prior three sections. The plain

reading of this heading by a layperson would be that a violation of the Practical Nursing

statute would, without more, be enough to find negligence on the part of PrimeCare.[18]

The jury was therefore easily capable of being misled to assume that section D was a

theory of liability, just as were sections A, B, and C.

III

---

[14] *Id.* at *1 n.1.

[15] *Id.*

[16] The District Court's reproduction of Pennsylvania's Suggested Standard Jury Instructions is similar, explicitly mentioning that a statutory violation is "evidence you must consider, along with all other evidence, in deciding whether [name of defendant] was negligent." App. 179 (bracket in original).

[17] App. 159.

[18] *Cf. Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 420 (3d Cir. 2006) (looking to the "ordinary meanings" of a term in a jury instruction to determine whether it was confusing or misleading).

5

For the above reasons, I would reverse the judgment of the District Court and remand this case for a new trial.