## Frye *v.* Pennsylvania Railroad Company, Appellant.

Argued April 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before O'CONNELL, J.

*Robert W. Smith, Jr.,* with him *Smith, Best and Horn,* for appellant.

*James Gregg,* with him *Dan V. Crowell,* and *Portser, Gregg & Nichols,* for appellees.

OPINION BY HIRT, J., September 11, 1958:

The plaintiffs were the owners of 10 acres of land in Hampfield Township, Westmoreland County. The land was used for truck gardening and for the raising of chickens, both commercially. On the premises there were a dwelling house, chicken coops and other outbuildings. The tract fronted approximately 650 feet on a public road and, at the same width, extended southerly on a descending grade for about 1130 feet to a large stream known as Sewickley Creek. A branch of the defendant's railroad crossed the tract in a southwesterly direction, on a line about 750 feet from the public road, at an elevation from 2 to 4½ feet above the grade of plaintiffs' land. The right-of-way of the railroad was 60 feet wide and it divided plaintiffs' land into two parcels—the one north of the railroad contained 7 acres and the other between the railroad and Sewickley Creek about 3 acres. A stream, normally small, runs southerly in a drainage ditch, from a large culvert on the main road, through a 24-inch metal or tile pipe installed by the railroad under its right-of-way, into Sewickley Creek. Rains, characterized as heavy but not unprecedented, fell on April 28 and again on June 15, 1951. The drainage pipe under the railroad had become clogged by debris at its opening on the north line of the railroad right-of-way. The flow of water down the stream on plaintiffs' land was thus impeded by the choked drain and water was diverted, which flooded an area of about 3 acres adjoining the railroad right-of-way on the upgrade side, to a depth of from 2 to 3 feet; on both occasions the land remained under water for from two to four days. Because of the condition of the land which resulted from the floods, it was impossible for

plaintiffs to have the 3 acre area plowed or otherwise worked for the 1951 growing season.

The three acres involved, because of their fertility were very well adapted to truck gardening and plaintiffs' testimony was that the fair rental value of the three acres was between $500 and $700 per year. Plaintiffs' suit was filed on July 14, 1952 and damages were limited to the period ending on that date. The loss of only one year's crop for the period was involved, under plaintiffs' proofs. In addition, however, the court, over defendant's objection, permitted a witness for plaintiffs to testify as to the cost of removing the debris from the clogged stream and restoring plaintiffs' land to its former normal condition.

The damage in this case did not result from rainfalls so extraordinary that their consequences could not have been foreseen. The injury therefore cannot be attributable to an act of God for which no one was liable. *Helbling v. Cemetery Co.,* 201 Pa. 171, 50 A. 970, was an action for damages to a dwelling house, caused by an accumulation of flood water which had been diverted from the opening into a storm sewer caused by a clogged grating or crib. In affirming the plaintiff's right of recovery, the Supreme Court said: "As the injury to the plaintiff's house was not of a permanent character, the measure of damages was the cost of restoring the property to its former condition, together with compensation for the loss of its use." Substantially the same rule had been enunciated in *Eshleman v. Martic Township,* 152 Pa. 68, 25 A. 178. Cf. also, *Hoffman v. Coal Co.,* 16 Pa. Superior Ct. 631; *Penna. R. R. Co. v. Pittsburgh,* 335 Pa. 449, 463, 6 A. 2d 907 and 56 Am. Jur., Waters, §87.

A qualified witness of the plaintiffs estimated the cost of restoring the property to its former undamaged condition at $1,450. The restoration cost was an ele-

ment of damage but the admission of this testimony and its submission to the jury was reversible error for the reason that the witness' estimate was based upon 1956 costs and there was no evidence that there had been no change in prices between July 14, 1952 and the time in 1956 when the witness inspected the property. *Davidson v. Sanders et al.*, 1 Pa. Superior Ct. 432. Cf. *McClosky v. Dubois Borough*, 4 Pa. Superior Ct. 181; *Keats v. Gas Co. of Luzerne Co.*, 29 Pa. Superior Ct. 480. The measure of damage on this phase of the case was the restoration cost at 1952 prices.

A retrial of the case is necessary for the above reason.

Judgment reversed with a venire.