560 A.2d 809

**Edward KIRKBRIDE and Carole Kirkbride, Appellees,**

v.

**LISBON CONTRACTORS, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1986.

Filed June 26, 1989.

294

David G. Battis, Philadelphia, for appellant.

William H. Lamb, West Chester, for appellees.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, WIEAND, McEWEN, OLSZEWSKI, DEL SOLE, MONTEMURO and TAMILIA, JJ.

OLSZEWSKI, Judge:

This is an appeal from a final judgment entered by the Court of Common Pleas of Chester County following the denial of appellant's motion for a new trial or judgment n.o.v.

Appellees, the Kirkbrides, own a home in East Caln Township, Chester County, which is situated on a thirty-acre wooded tract between Norwood Road and the Brandywine Creek. About 120 feet of the Kirkbrides' lot fronts on Norwood Road and extends across a ridge back to a former railroad easement that runs parallel to the Brandywine for more than 1000 feet behind their property.

In 1977, the Uwchalan Township Municipal Authority ("UTMA") obtained an easement for construction of a sewer line behind the Kirkbrides' property. The easement ran along the former railroad line and was parallel to the Brandywine. Later that year, Chester County took the land along the easement outright in order to construct a bike path and jogging path over the sewer line.

In furtherance of its plan, UTMA contracted with appellant, Lisbon Contractors, Inc. ("Lisbon"), to construct the sewer line and bike path. Lisbon began working on the project in February of 1978. The next month, a Lisbon bulldozer drove onto the Kirkbrides' property and proceeded to make a 1,200-foot clearing which would later be used as a storage area ("clearing incident"). After the sewer line was completed, Lisbon began restoration work. While doing so, Lisbon created an 800-foot embankment on the Kirkbrides' property which it later regraded to meet the adjoining hillside along the sewer line and bike path ("embankment incident").

In response, the Kirkbrides instituted a suit in trespass. Following a jury trial, the Kirkbrides were awarded $7,000 in compensatory damages and $70,000 in punitive damages for the clearing incident, and $12,000 in compensatory dam-

ages for the embankment incident. Following the denial of Lisbon's post-trial motions, Lisbon filed an appeal with this Court. On appeal, Lisbon contended that: (1) the trial court erred in instructing the jury that the amount awarded as punitive damages need not bear a reasonable relationship to the amount awarded as compensatory damages; (2) the amount awarded as punitive damages was grossly excessive and unsupported by the evidence; and (3) grading the embankment was a permanent alteration of the land which inflicted no compensable injury, thereby not entitling the plaintiffs to recover for the estimated cost of reconstructing the land to its former contours.

Upon review, this Court held that the trial judge did err in instructing the jury that punitive damages need not bear a reasonable relationship to the amount awarded as compensatory damages. *Kirkbride v. Lisbon Contractors, Inc.,* 357 Pa.Super. 322, 516 A.2d 1 (1986). Accordingly, we reversed the decision of the trial court and appropriately refrained from ruling on the other issues presented by Lisbon. In response, the Kirkbrides appealed to the Supreme Court of Pennsylvania, which proceeded to reverse the decision of this Court and remand the matter to this Court for disposition of the remaining issues. *Kirkbride v. Lisbon Contractors, Inc.,* 521 Pa. 97, 555 A.2d 800 (1989). These issues involve the alleged excessiveness of the amount awarded for punitive damages and whether the Kirkbrides were entitled to recover for damages due to the embankment, as it constituted a permanent alteration of their land.

The first issue for our review is whether the punitive damages awarded for the clearing incident were excessive and unsupported by the record. Specifically, Lisbon contends that the evidence does not show a malignant motive or animus on their part against the Kirkbrides thereby justifying the jury's ability to award punitive damages. In support, Lisbon argues that, while its conduct may have constituted a reckless disregard of the Kirkbrides' property rights, it did not amount to malice. Further, Lisbon argues that since the jury's award of punitive damages is ten times

greater than its award for compensatory damages, the award is clearly excessive. In sum, Lisbon's arguments focus on its motive in creating the damage and on the disparity between the jury's award for compensatory and punitive damages.

In Pennsylvania, an award of punitive damages is controlled by Section 908(2) of the Restatement (Second) of Torts. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984). In pertinent part, Section 908(2) provides:

> (2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

As such, in making its determination as to punitive damages, the jury must weigh the character of the act, the nature and extent of the harm, and the wealth of the defendant. *Kirkbride, supra.*

██ Generally, the assessment of the excessiveness of a punitive award is within the sound discretion of the trial court. *Sulecki v. Southeast National Bank,* 358 Pa.Super. 132, 516 A.2d 1217 (1986). A trial court's failure to reduce a punitive award which is so disproportionate when compared to the character of the act, the nature and extent of the harm, and the wealth of the defendant that it will shock the court's sense of justice, however, may amount to an abuse of discretion. *Kirkbride, supra.*

In consideration of these factors, it is clear that Lisbon's argument with regard to the excessiveness of the punitive award as compared to the award for compensatory damages is unfounded. As such, this Court must assess the merit of Lisbon's argument as to its motive in creating the damage caused by the clearing incident.

█ Lisbon contends that its actions were neither intentional nor malicious, as is required by the Restatement

(Second) of Torts § 908(2). Lisbon admits, however, that its actions may have constituted a reckless disregard of the Kirkbrides' property rights. Accordingly, although its actions may not have been intentional or malicious, they were admittedly reckless and therefore fall under the mandates of the Restatement, since punitive damages may be awarded for "conduct that is outrageous, because of defendant's evil motive *or* his reckless indifference to the rights of others." Therefore, Lisbon's assertions are meritless.

█ Moreover, a review of the record shows that the jury was presented evidence which would support a finding that Lisbon acted with reckless disregard in performing the clearing incident. While this evidence, as is contended by Lisbon, may not show malice, it does support the conclusion that Lisbon acted with reckless disregard for the property rights of the Kirkbrides. In addition, the record shows that the jury was presented with evidence of Lisbon's wealth and that its award was in compliance with this evidence. Further, to ensure that the jury fully comprehended the nature and extent of the damages, it was transported to the scene of the incident where it was able to view the harm firsthand. Accordingly, the evidence supports the determination that the jury adequately weighed Lisbon's wealth, the nature and extent of the harm, and the character of the act in calculating its punitive award. In comparing the resultant award with these factors, we conclude that it is not so disproportionate as to shock this Court into tampering with the jury's determination.

Next, Lisbon argues that the measure of compensatory damages for regarding the embankment is not the reasonable cost of repairs, but is the decrease in the fair market value of the property. In support, Lisbon asserts that the injury to the property should be characterized as a permanent injury, not a reparable injury.

█ The measure of damages for injury to property is the cost of repairs where that injury is reparable unless such cost is equal to or exceeds the value of the injured property. *Rabe v. Shoenberger*, 213 Pa. 252, 62 A. 854

(1906); *Wade v. S.J. Groves & Sons Co.*, 283 Pa.Super. 464, 424 A.2d 902 (1981). Where the cost of repair does exceed the value of said property, the cost of damages becomes the value of the property. *Id.* Where, however, the injury is deemed to be permanent, the measure of damages becomes the decrease in the fair market value of the property. *Id.;* *Bumbarger v. Walker*, 193 Pa.Super. 301, 164 A.2d 144 (1960).

■ Applicable judicial precedent establishes that a permanent injury is limited to those instances where the damage was caused by a de facto taking or where the injury was unequivocally beyond repair.[1] *Rabe, supra,* (the destruction of five springs of water due to the defendant mining company's failure to adequately support the surface of the land constituted permanent injury); *Hoffman v. Berwind–White Coal Mining Company*, 265 Pa. 476, 109 A. 234 (1920) (the destruction of plaintiffs' springs as the result of defendant's coal mining activities constituted permanent injury); *Schlichtkrull v. M.P. Oil Company*, 301 Pa. 553, 152 A. 829 (1930) (infusion of salt water into plaintiff's wells due to defendant's oil drilling activities was deemed to be permanent injury); *Frye v. Pennsylvania Railroad Company,* 187 Pa.Super. 367, 144 A.2d 475 (1958) (damages caused by flooding of property due to defendant-railroad's clogging of drainage pipe constituted reparable injury); *Bumbarger v. Walker*, 193 Pa.Super. 301, 164 A.2d 144 (1960) (the infiltration of water with high sulphur

---

**1.** There are other judicially mandated foundations for determining that an injury is permanent. Early case law established that damages based upon the diminution of the value of the injured property applied only where the defendant had entered the property under the power of eminent domain. *Lentz v. Carnegie,* 145 Pa. 612, 23 A. 219 (1891); *Robb v. Carnegie Brothers & Co.,* 145 Pa. 324, 22 A. 649 (1891). Subsequent cases involving trespass actions for nuisance held that this form of computing damages was applicable where the nuisance was continuous or where the nuisance resulted in an indeterminable cost of repair. *Milan v. Bethlehem,* 372 Pa. 598, 94 A.2d 774 (1953); *Evans v. Moffat,* 192 Pa.Super. 204, 160 A.2d 465 (1960) (court held that damage to property by air pollution could not be rectified merely by repairing the damaged paint to the plaintiffs' houses). Since these cases are not factually compatible with the case at bar, they need not be discussed in context with the instant case.

content into plaintiff's spring due to defendant's strip mining activities resulted in permanent injury); *Ridgeway Court, Inc. v. Landon Courts, Inc.*, 295 Pa.Super. 493, 442 A.2d 246 (1982) (court held that landowner's act in altering landscape of property which resulted in increase of water drainage onto plaintiff's property, amounted to reparable injury); *Duquesne Light Company v. Rippel*, 329 Pa.Super. 289, 478 A.2d 472 (1984) (where two drivers struck and damaged utility poles, injury was reparable); *Gross v. Jackson Township*, 328 Pa.Super. 226, 476 A.2d 974 (1984) (plaintiffs entitled to receive restoration costs for damage done to shrubs and trees sustained when the township widened road).

■ Instantly, the injury to the Kirkbrides' land did not amount to a permanent injury, since it did not involve a taking and is in fact reparable. Unlike the cases in which the applicable injury constituted one of permanence, Lisbon has the capacity to restore the property to its previous form. Accordingly, the Kirkbrides were entitled to receive the costs of restoring their land back to its original condition.

■ Lisbon also argues that pursuant to the Restatement (Second) of Torts, the Kirkbrides were permitted to elect restoration only if such costs would be reasonably incurred. In furtherance, Lisbon contends that the costs of repair must be weighed against the diminution in value of the land and, if the repair costs significantly exceed the diminution in value, such costs are unreasonable and impermissible.

In *Lobozzo v. Adam Eidemiller, Inc.*, 437 Pa. 360, 263 A.2d 432 (1970), the Pennsylvania Supreme Court specifically noted that, with regard to remedial damage to realty, a plaintiff may recover only the cost of repair or restoration without regard to the diminution in value of the property. In making its determination, the Court looked to the holding of *Rabe, supra*, which unequivocally held that where an injury is reparable, the damage is the cost of repair or restoration. *Lobozzo, supra.* Accordingly, Lisbon's argument is clearly erroneous.

With regard to the reasonableness of the award, the determination of damages clearly lies within the discretion of the jury, which weighs the evidence and assesses the credibility of the witnesses. *Glomb by Salopek v. Glomb,* 366 Pa.Super. 206, 530 A.2d 1362 (1987). Thus, we will not substitute our decision for that of the jury's absent a clear abuse of that discretion. *Id.* Demeanor and credibility of witnesses are issues solely for the trier of fact. *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984). Included in the province of the jury is the weight to be accorded the evidence. *Wilson v. Benjamin,* 332 Pa.Super. 211, 481 A.2d 328 (1984). As such, this Court must accept the findings of the court below with respect to the credibility of witnesses. *Kembel v. Schlegel,* 329 Pa.Super. 159, 478 A.2d 11 (1984).

A review of the record establishes that the jury did not abuse its discretion in making its determinations. As was noted by the trial court, the amount of compensatory damages awarded by the jury are far closer to the estimates given by Lisbon's witnesses than to those given by the Kirkbrides' witnesses. The jury, having relied on the testimony of Lisbon's witnesses with regard to the costs of repair, cannot be deemed to have abused its discretion. As such, we find no merit in Lisbon's contention.

 Additionally, Lisbon argues that the grading of the embankment caused no injury to the Kirkbrides' property. In support, Lisbon alleges that prior to its act of regrading, the embankment was unstable and that the face of the embankment was sheer and exposed. Lisbon contends that it improved the property by stabilizing the area and by subsequently seeding the area.

Instantly, a review of the record reveals that a witness for the plaintiffs testified that Lisbon's actions resulted in erosion along the hillside of the embankment. In contrast, witnesses for the defense testified that Lisbon's actions actually prevented future erosion and served to stabilize a previously unstable area. Thereafter, in his instructions to the jury, the trial judge advised the jury to weigh the

credibility and accuracy of the testimony of the witnesses. Further, he left the question of whether the Kirkbrides actually suffered an injury to the discretion of the jury. In doing so, the judge specifically instructed the jury that one may not be compensated for an improvement to his land and that the jury was to consider any form of compensation rendered by the defendant in making its determination. Thereafter, based upon the evidence adduced at trial, the jury appropriately utilized its discretion in making its determination. There is nothing in the record to indicate that its determination was unsubstantiated or worthy of our interference.

Accordingly, since the injury to the Kirkbrides' property is reparable, the trial court did not err in instructing the jury that the damages constituted the cost of repairing the injury. The judge then allowed the jury to determine whether the injury was worthy of repair and, if so, the costs attributable to said repair. As such, we affirm the determinations of the trial court.

Therefore, we affirm the judgment and order of the trial court.