**Lawrence T. CHRISTIAN and Debra E. Christian, Appellees**

v.

**John YANOVIAK, Individually and t/d/b/a Cumberland Masonry,**

**Inc.[1], Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 8, 2008.
Filed March 13, 2008.

---

1. Cumberland Masonry Inc., was dismissed from the case and is not a party to this appeal.

Thomas E. Brenner, Harrisburg, for appellant.

David B. Dowling, Harrisburg, for appellees.

BEFORE: STEVENS, ORIE
MELVIN and BENDER, JJ.

## OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, John Yanoviak, appeals from the judgment entered in the Court of Common Pleas of York County, following a non-jury verdict in favor of Appellees, Lawrence and Debra Christian, in the amount of $22,200. On appeal, Appellant claims the trial court erred in determining the proper measure of damages for the removal of trees from a private residence. We affirm.

¶ 2 The facts and procedural background may be summarized as follows. Appellees reside at 133 Pleasant View Terrace, New Cumberland, York County, Pennsylvania. Appellant is the owner of three vacant building lots which border Appellees' property. On August 24, 2004, Appellant cut down and removed oak and beech trees located on Appellees' property. Specifically, Appellant removed 13 mature trees ranging in size from 7 inches to 30 inches in diameter. Appellant removed the trees after having a survey done. At the time of the removal, the trees were mistakenly identified as being on Appellant's property. The trees were sold for timber. Appellant was paid $5,000.00 for all of trees cut on his property as well as those located on Appellees' property.

¶ 3 On May 9, 2005, Appellees filed a complaint against Appellant setting forth a cause of action in trespass. In the complaint, Appellees averred that their property is bordered by the Pennsylvania Turnpike. They alleged that the area between their home and the Turnpike was comprised of a wooded slope with many mature trees which shielded their home from the sight, noise and pollution of the Turnpike. Appellees alleged that Appellant's removal of 13 of their trees altered the character of their property as well as removed the barrier and buffer that previously existed. Appellees sought damages for the cost to replace the trees as well as to restore their property in its original condition. Appellees also sought damages to recoup the profit that Appellant made from selling their trees. Appellant filed an answer and new matter in which he admitted to removing the trees from the Appellees' property. In his new matter, Appellant alleged that the appropriate legal measure of damages was the actual cash value of the trees and not the replacement value of the trees.

¶ 4 Prior to trial, Appellees filed a motion *in limine* asserting the proper measure of damages should be determined by deciding whether the land was reparable or irreparable under *Slappo v. J's Development Associates, Inc.,* 791 A.2d 409 (Pa.Super.2002). If the damages were irreparable, Appellees alleged the proper measure of damages was the diminution of the market value of their property as a result of the trees being removed. If the damages were deemed reparable, Appellees maintained that the damages should be measured by the lesser of the cost of repair or the market value of the damaged property before it suffered the loss. Appellant also filed a motion *in limine* in which he asserted that the trees removed from Appellees' property were "timber" and that the damages were limited and restricted to the parameters set forth in 42 Pa.C.S.A. § 8311, **Damages in actions for conversion of timber.** By order dated January 16, 2006, the trial court granted Appellees' motion. It found that recoverable damages in this matter should be determined in accordance with *Slappo, supra.* The trial court also found § 8311 was inapplicable.

¶ 5 On February 26, 2007, the case proceeded to a non-jury trial on the issue of damages. During the trial, Appellees both testified. They also presented the testimony of Paul Kowalczyk, who was a consulting forester who provided a description

and valuation of the trees removed from the site. Appellees also presented the expert testimony of Tammy Sheaffer who was a general certified real estate appraiser and licensed real estate broker. Ms. Sheaffer determined the diminished value of the property by using a retrospective appraisal as of the date the trees had been removed rather than conduct a current valuation of the property. Under her analysis, she determined the diminished value of the property was $20,000. Appellant testified on his own behalf. He also presented the testimony of certified arborist Robert Carey, who testified as an expert with respect to the valuation of trees. Appellant also presented the expert testimony of real estate appraiser Karen Darney, who testified that the removal of the trees had no adverse effect on the marketability of the property and that there was no diminished value of the property. Ms. Darney, however, only appraised the property as of April 21, 2006 and did not consider the value of the property immediately prior to the removal of the trees. At the close of the evidence, the trial court found the removal of trees was permanent in nature and that the harm incurred was irreparable. The trial court also relied on the expert testimony of Ms. Sheaffer in determining the property was diminished in value by $20,000. Because the parties had agreed that any award should be increased by $2,200, which was the amount Appellant received for the trees that were cut down, a verdict was entered in favor of Appellees in the amount of $22,200.00. Appellant filed post-trial motions seeking judgment notwithstanding the verdict or, in the alternative, a new trial. The motions were denied. Following the entry of judgment on May 4, 2007, this appeal followed.[2]

¶ 6 On appeal, Appellant presents two questions for our review:

A. WHETHER THE TRIAL COURT ERRED IN AWARDING DAMAGES FOR THE REMOVAL OF TIMBER FROM APPELLEES' PROPERTY BASED UPON THE DIMINUTION IN THE VALUE OF APPELLEES' PROPERTY INSTEAD OF APPLYING 42 Pa. C.S.A. § 8311, WHICH PROVIDES THE EXCLUSIVE REMEDY FOR THE REMOVAL OF TIMBER FROM THE PROPERTY OF ANOTHER?

B. WHETHER THE AWARD OF DAMAGES FOR DIMINUTION IN THE VALUE OF APPELLEES' PROPERTY WAS NOT SUPPORTED BY COMPETENT EVIDENCE?

Appellant's brief, at 4.

¶ 7 Our review in a non-jury case such as this is

limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

---

2. Appellant and the trial court have complied with Pa.R.A.P. 1925. Specifically, in the trial court's 1925(a) Opinion, it relies on its prior memorandum opinion entered on January 16, 2007 and its order entered on February 26, 2007.

*Hart v. Arnold,* 884 A.2d 316, 330–331 (Pa.Super.2005), appeal denied, 587 Pa. 695, 897 A.2d 458 (2006) (citations omitted). "The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence." *Id.* (citations omitted). "Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the lower court." *Tagliati v. Nationwide Insurance Co.,* 720 A.2d 1051, 1053 (Pa.Super.1998), *appeal denied,* 559 Pa. 706, 740 A.2d 234 (1999). "With regard to such matters, our scope of review is plenary as it is with any review of questions of law." *Id.*

¶ 8 We also must decide whether the trial court properly denied Appellant's post-trial motions. "Our standard of review [of an order] denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion." *Angelo v. Diamontoni,* 871 A.2d 1276, 1279 (Pa.Super.2005), *appeal denied,* 585 Pa. 694, 889 A.2d 87 (2005) (citation omitted). Similarly, Appellant sought post-trial relief in the nature of a motion for JNOV, which requires us to "consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict." *Wilson v. Transport Ins. Co.,* 889 A.2d 563, 569 (Pa.Super.2005). If there is any basis upon which the trial court could have properly made its award, we must affirm its subsequent denial of the motion for JNOV. *Id.* "A JNOV should be entered only in a clear case." *Id.*

¶ 9 Appellant contends that the trial court erred in awarding damages for the removal of timber based upon the diminution in the value of Appellees' property. He maintains that the oak and beech trees removed from the property constitute "timber" within the meaning of 42 Pa. C.S.A. § 8311. Appellant argues that this statute provides the exclusive remedy for the removal of timber from the property of another and that damages should be calculated based upon the market value of the timber removed.

¶ 10 Section 8311 provides as follows:

§ 8311. **Damages in actions for conversion of timber**

(a) **General rule.**—In lieu of all other damages or civil remedies provided by law, a person who cuts or removes the timber of another person without the consent of that person shall be liable to that person in a civil action for an amount of damages equal to:

(1) the usual and customary costs of establishing the value of the timber cut or removed and of complying with the erosion and sedimentation control regulations contained in 25 Pa.Code. Ch. 102 (relating to erosion control);

(1.1) the cost of any surveys obtained in connection with the civil action; and

(2) one of the following:

(i) three times the market value of the timber cut or removed if the act is determined to have been deliberate;

(ii) two times the market value of the timber cut or removed if the act is determined to have been negligent; or

(iii) the market value of the timber cut or removed if the defendant is determined to have had a reasonable basis for believing that the land on which the act was commit-

ted was his or that the person in whose service or by whose direction the act was done.

42 Pa.C.S.A. § 8311. The term "Timber" is defined by the statute as "Standing trees logs or parts of trees that are *commonly merchandized* as wood products." *Id.* (emphasis added). The term "Market Value" is defined by the statute as "The value of the standing timber at local market prices for the species and quality of timber cut or removed at the time it was cut or removed." *Id.*

¶ 11 Instantly, the trial court found that § 8311 was inapplicable. Specifically, it determined that although the trees removed from Appellees' property were merchandized as wood products, the trees were situated on the property for purposes of providing a natural sound and visible barrier between the Pennsylvania Turnpike and the Appellees' home. Trial Court Opinion, 1/17/07, at 4. It further found that Appellees were not intending on harvesting these trees for sale. *Id.* The trial court also found that if Appellant's "theory of damages would be permissible, then [Appellees] would receive no compensation for the loss of sound barrier, loss of the view once enjoyed by the parties as well as the loss of privacy." *Id.*

¶ 12 "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). Furthermore, the "Statutory Construction Act requires a court to construe the words of a statute according to their plain meaning." *Nationwide Mut. Ins. Co. v. Yungwirth,* 2008 PA Super 10, ¶ 7, 940 A.2d 523 (2008) (citing 1 Pa.C.S.A. §§ 1921(b), 1903(a)).

¶ 13 Based upon our review, we agree with the trial court's determination that the statutory measure of damages set forth in § 8311 has no application here.

Clearly, the trees at issue do not constitute "timber" as defined under the statute since they were not intended to be harvested for commercial use. Further, we find nothing in the definition implies that residential backyard trees are to be included as timber. Here, the trees were situated in Appellees' yard solely for purposes of decoration, providing shade as well as serving as a natural sound and visual barrier between the home and the Pennsylvania Turnpike.

¶ 14 In determining the proper measure of damages to injury to land, we find the trial court correctly relied on the standard set forth in *Slappo v. J's Development Associates, Inc.,* 791 A.2d 409 (Pa.Super.2002), which provides as follows:

Assuming the land is reparable, the measure of damage is the lesser of: (1) the cost to repair, or (2) the market value of the damaged property (before it suffered the damage, of course). *Kirkbride v. Lisbon Contractors,* 385 Pa.Super. 292, 560 A.2d 809 (1989). If the land is not reparable, the measure of damage is the decline in market value as a result of the harm. *Id.*

*Id.* at 415.

¶ 15 In the present case, the trial court found the damage to the land was irreparable. Specifically, it found that some of the trees removed were at least 70 feet tall and some were in excess of 100 years old. Order, 2/26/07, at 4. The trial court also found the testimony indicated that it would take several decades before newly planted trees could become full grown. *Id.*

¶ 16 Upon our review, we find the trial court did not err in determining the damage was irreparable and that the proper measure of damages was the decline in market value as a result of the harm. *See Richards v. Sun Pipe Line Co.,* 431 Pa.Super. 429, 636 A.2d 1162, 1164 n. 1

(1994)(noting that there was no dispute that damage to property was permanent and irreparable when certain trees, which were removed along an easement may not be replaced or even if replaced would take 25 to 30 years before they attained the same stature of those removed); *Cf. Gross v. Jackson Township*, 328 Pa.Super. 226, 476 A.2d 974 (1984)(finding that damages to hedges and shrubs which occurred when township widened the road were not permanent in nature and therefore proper measure of damages was the cost or repair or restoration); *see also Matakitis v. Woodmansee*, 446 Pa.Super. 433, 667 A.2d 228 (1995)(finding proper measure of damages was the cost of repair when trees which were removed were small, having diameters from three-quarters to two and three quarters inches), *appeal denied*, 545 Pa. 680, 682 A.2d 311 (1996).

¶ 17 Appellant next challenges whether the award of damages was supported by the evidence of record. He maintains that the trial court erred in accepting the testimony of Appellees' expert, Ms. Tammy Sheaffer, and refusing to accept the testimony of his expert, Ms. Karen Darney.

¶ 18 Following the non-jury trial, the trial court set forth the following on the record relating to the testimony of the parties' respective expert witnesses:

Tammy Sheaffer testified that she determined the diminished value of the property by using a retrospective appraisal. Under her analysis, she determined the diminished value of the property was $20,000.00.

Ms. Darney testified that the removal of the trees did not adversely effect the marketability of the property, and, accordingly, there was no diminished value on the property. The Court finds that Ms. Sheaffer's analysis is more appropriate under the circumstances in that she looked at the value of the property immediately before and after the removal of the trees.

The Court did not find Ms. Darney's testimony to be persuasive in that she determined the value of the property as of April 21, 2006, almost two years after the removal of the trees which occurred in August of 2004.

During the intervening time both experts testified the property values in the local market soared. In fact, so much that the local area saw double digit increases for each of the past two calendar years in question.

Moreover, Ms. Darney never saw the property nor pictures of the property before the trees were removed. The pictures that were introduced by [Appellees] clearly demonstrate the significance that the removal of the trees had on the nature of the property.

Therefore, based upon the foregoing, the Court finds that the analysis of Tammy Sheaffer is appropriate and that the property was diminished in value by the amount of $20,000.00.

N.T. Trial, 2/26/07, at 138–139.

¶ 19 The record reflects that the trial court considered the testimony of both Appellant's and Appellees' experts. The trial court clearly articulated its reasons for accepting Ms. Sheaffer's testimony and rejecting Ms. Darney's testimony. We will not overturn the credibility determinations of the trial court sitting as the finder of fact. Further, we find that the trial court's conclusions are supported by the evidence of record. Accordingly, we find no abuse of the trial court's discretion.

¶ 20 Judgment affirmed.