**Sherran N. HERRING, Appellant**

**v.**

**CITY OF JEANNETTE, William Oxenreiter, individually and trading and doing business as All States Wrecking Company and All States Wrecking Company, a corporation, partnership, proprietorship, association or other entity.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 4, 2012.

Decided June 22, 2012.

John N. Scales, Greensburg, for appellant.

Scott E. Avolio, Greensburg, for appellee City of Jeannette.

Paul A. Custer, Pittsburgh, for appellees William Oxenreiter and All States Wrecking.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

These consolidated matters are appeals filed by plaintiff from orders of the Westmoreland County Court of Common Pleas (trial court) awarding her $24,000 on summary judgment and denying post-trial motions challenging that summary judgment ruling. We affirm.

This matter is an action for damage to a house at 420 Division Street, City of Jeannette (the Property) caused by the demolition of the adjoining house, 422 Division Street (the Adjoining Property), in May 1999. The Property is a three-story house that is divided into three apartments. (Dep. of Plaintiff at 10, Ex. 2 to Contractor Defendants' Motion for Partial Summary Judgment.) Plaintiff Sherran Herring (Property Owner) received the Property from her mother as a gift in 1995, less than four years before the demolition damage. (Dep. of Plaintiff at 9, Ex. 2 to Contractor Defendants' Motion for Partial Summary Judgment.) The Adjoining Property had been vacant and in a deteriorated condition for over ten years before the demolition that is the subject of this case, and its dilapidated condition had caused leaks into the Property and water damage to the Property before the Adjoining Property was demolished. (Dep. of Plaintiff at 15–22, Ex. 2 to Contractor Defendants' Motion for Partial Summary Judgment.)

Property Owner brought this action in March 2001 against the City of Jeannette (the City) and, in April 2001, added as defendants the persons that the City hired to demolish the Adjoining Property, William Oxenreiter and his company, All States Wrecking Co. (Contractor Defendants). Property Owner responded to some written discovery in 2002 and the deposition of Property Owner was taken in 2003, but nothing further occurred in the case from 2004 through 2009. On April 23, 2010, Contractor Defendants petitioned for non pros for failure to proceed, also asserting that Property Owner had failed to provide any statement of her damages despite numerous requests. By Order dated May 7, 2010, the trial court directed Property Owner to file an expert report on damages or suffer judgment of non pros.

On June 2, 2010, Property Owner complied with that Order and filed two expert reports, a report on the cost of repairing

the Property and a report of a certified appraiser on the value of the Property before the demolition damage and on the diminution in value caused by the demolition work. (Certificate of Compliance with Order of Court, R.R. at 78a–106a). Property Owner's repair expert opined that the cost of repairing the damage to Property and restoring the Property "to a state equal or greater to [sic] the pre-demolition state" was $31,500. (Expert Report of David N. Lettrich attached as Exhibit to Certificate of Compliance with Order of Court, R.R. at 81a.) Property Owner's appraiser opined that the fair market value of the Property before the demolition damage was $24,000 and that the demolition damage reduced its value by $12,000. (Expert Report of John H. Lizza attached as Exhibit to Certificate of Compliance with Order of Court, R.R. at 88a–91a).

On November 19, 2010, Contractor Defendants filed a motion for partial summary judgment on the grounds that they allegedly did not owe certain duties to Property Owner and that certain claims were unrelated to the demolition. By Order entered February 2, 2011, the trial court denied this motion on the ground that there were disputes of material fact, but ordered the parties to brief the maximum damages that Property Owner could recover if she prevailed at trial.

On or about February 4, 2011, Contractor Defendants filed a supplemental motion for partial summary judgment seeking to limit Property Owner's damages to $12,000, the diminution in the value of the Property caused by the demolition damage, and the City joined in that supplemental motion for partial summary judgment. Property Owner opposed this motion, contending that the full cost of

repair, which her expert put at $31,500, was the proper measure of her damages. On February 16, 2011, the trial court denied defendants' motion to limit damages to $12,000, but granted partial summary judgment limiting Property Owner's damages to $24,000, the market value of the Property before the demolition work.

Following the trial court's partial summary judgment order, Contractor Defendants and the City agreed that they would pay Property Owner that maximum damage amount, without admission of liability, in order to resolve the action. On August 5, 2011, over Property Owner's objections, the trial court entered an Order awarding Property Owner $24,000 in damages pursuant to defendants' proposal and consent. On August 31, 2011, Property Owner timely appealed that Order to this Court. Property Owner also filed a motion for post-trial relief on August 15, 2011, which the trial court denied by Order entered October 31, 2011. Property Owner timely appealed the Order denying her motion for post-trial relief on November 14, 2011.[1]

The market value of the Property before the demolition work was undisputed—the $24,000 market value on which the trial court based its summary judgment was Property Owner's own expert's valuation. Property Owner contends that the trial court erred because there was a dispute as to whether the harm to the Property was permanent or reparable. Any such dispute is immaterial, however, because even if the harm is reparable, Property Owner, as a matter of law, cannot recover more than the market value of the Property.

■ While the measure of damages for harm to real property is different for permanent harm and reparable harm, in

1. Our standard of review of the trial court's grant of summary judgment is *de novo* and the scope of review is plenary. *Pyeritz v.*

*Commonwealth*, —— Pa. ——, ——, 32 A.3d 687, 692 (2011).

both situations, damages are limited by the market value of the property. The law of this Commonwealth is clear: for permanent harm, the measure of damages is the diminution in the value of the property; if the harm is reparable, the measure of damages is the cost of repair or the market value of the property before it was damaged, whichever is less. *Department of General Services v. United States Mineral Products Co.,* 587 Pa. 236, 246, 898 A.2d 590, 596 (2006);[2] *Lobozzo v. Adam Eidemiller, Inc.,* 437 Pa. 360, 369, 263 A.2d 432, 437 (1970); *Christian v. Yanoviak,* 945 A.2d 220, 226 (Pa.Super.2008); *Duquesne Light Co. v. Woodland Hills School District,* 700 A.2d 1038, 1052–53 (Pa. Cmwlth.1997); *Kirkbride v. Lisbon Contractors, Inc.,* 385 Pa.Super. 292, 560 A.2d 809, 812 (1989). "In Pennsylvania, the general measure of damages for permanent harm to real property is the diminution in market value attributable to the conduct, product, or instrumentality giving rise to liability, and *in situations in which the harm is reparable, damages are assessed according to the lesser of the cost of repair or the market value of the affected property.*" *United States Mineral Products Co.,* 587 Pa. at 246, 898 A.2d at 596 (emphasis added).

■ There is an exception to this rule that permits recovery of repair costs regardless of market value where the property is a special use or special purpose property, such as a bridge or a specialized or specially located building with unique requirements or features which make market value an inadequate indicator of value. *United States Mineral Products Co.,* 587 Pa. at 246–52, 898 A.2d at 596–600. That

exception, however, is inapplicable here. Property Owner made no claim and submitted no evidence that the Property had any specialized or unique features or purpose. The only assertion of uniqueness that Property Owner has made is the claim that all real estate is unique. (Appellant's Br. at 10; Property Owner's Brief in Opposition to Supplemental Motion for Partial Summary Judgment at 3–5, 10, R.R. at 34a–36a, 41a; Property Owner's Motion for Post–Trial Relief at 4, R.R. at 73a.) Property Owner's expert classified the Property as residential property and not as a special purpose property. (Expert Report of John H. Lizza attached as Exhibit to Certificate of Compliance with Order of Court, R.R. at 90a.)

■ The trial court's judgment limiting Property Owner's damages to $24,000 and awarding Property Owner $24,000 thus gave Property Owner the maximum damages that she could recover, even if all factual disputes were resolved in her favor and the damage to the Property was held reparable.

Because the trial court correctly concluded that Property Owner, as a matter of law, could not recover more than the market value of the Property before the demolition work and that the market value of the Property was undisputed, we affirm the trial court's orders in this action.

### *ORDER*

AND NOW, this 22nd day of June, 2012, the orders of August 5, 2011 and October 31, 2011 of the Westmoreland County

**2.** Despite the fact that our Supreme Court's *United States Mineral Products Co.* opinion is directly controlling precedent on the issue before this Court, none of the parties in this appeal cited to it in their briefs. All of the counsel for parties should have been aware of

this opinion, as it was discussed at length and followed in a federal case heavily relied on by Property Owner. *Vassell v. Travis,* Civil Action No. 04–1313, 2007 WL 2571634 (E.D.Pa. Sept. 4, 2007).

Court of Common Pleas in the above-captioned cases are AFFIRMED.